Charles A. Gruber
P.O. Box 900122
Sandy, UT 84090
Telephone: 801-577-4973
Fax: 801-523-3630
gruber@aros.net

<u>Attorney for Plaintiff</u>

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLO.

SEP 1 9 2006

GREGORY C. LANGHAM
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL NO. **06 - CV - 01859** - LTB-PAC

Jessie Cluff

    Plaintiff,

vs.

United States of America, United
States Government, United States
Marshals Service, and DOES 1-25

    Defendants.

**COMPLAINT AND JURY DEMAND**

## COMPLAINT and JURY DEMAND

Plaintiff alleges as follows:

### PARTIES, JURISDICTION & VENUE

1.    Plaintiff Jessie Cluff (hereinafter "Plaintiff" or "Mr. Cluff") was at the time of

the incidents described herein a resident of the State of Colorado and was incarcerated in

the Colorado State Correctional Facility.  Plaintiff is currently incarcerated in a correctional facility of another state other than Colorado.

2.  Defendants United States of America and the United States Government are the governmental entity for the governance of the Unites States of America. Those Defendants have numerous agencies changed with carrying out the governing administrative functions of the United States of America and the United States Government.

3.       Defendant United States Marshals Service is a federal agency of the United States of America and the United States Government charged with the responsibility of transporting prisoners;  providing for the security, health and safety of government witnesses; and providing security within United States federal district courts.

4.  Defendants DOES 1-25 were in some way responsible for the negligence and resulting harm as described in this Complaint and their negligence actually and proximately contributed to the Plaintiff's damages.  Plaintiff is informed and believes that at least some of these DOE Defendants were the agents and or employees of the named Defendants or in some way contributed the Plaintiff's injuries. Some of these DOE Defendants were acting within the scope of their employment of the named Defendants and thus those named Defendants are liable under a theory of respondeat superior. Some of these DOE Defendants may also be corporate entities, limited liability entities, or any other similar form of business entity with  which the Defendants have a legal or contractual relationship to provide functions and duties for which the Defendants are responsible but have delegated those functions or duties.   As their identities becomes known, the Doe Defendants will be identified.  Other persons or entities that in some way caused or contributed to the cause

2

of the negligence described herein and the injuries sustained by the Plaintiff may be designated as DOE Defendants. If and when such persons or entities are discovered, this Complaint will be amended to identify those DOE Defendants. The Plaintiff alleges each and every cause of action for his  injuries against each and every one of these DOE Defendants

5.  It is the Defendants'  stated objective is to  provide for the security, health and safety of government witnesses  whose lives are in danger as a result of their testimony against drug traffickers, terrorists, organized crime members and other major criminals.

6.  It is the Defendants' stated objective to provide quick and safe responses in emergency situations. The Defendants state to the public that they deploy and coordinate the installation of complex electronic security systems to protect federal courthouse premises which includes perimeter security, access control, closed circuit television surveillance and alarm reporting systems and communication systems to ensure comprehensive radio communications throughout the federal district courthouses.

7.   On May 23, 2005, the Defendants specifically had the duty and responsibility of transporting the Plaintiff as a prisoners; had the duty and responsibility to provide for the security, health and safety of the Plaintiff as a government witnesses; and had the duty and responsibility providing security within United States federal district courthouse in Denver Colorado including the holding cell area within the courthouse where the Plaintiff was being held prior to testifying for the United States government against certain criminal defendants.

3

8.      Plaintiffs claim damages in excess of $75,000 in this action, exclusive of interest and costs, to be established at trial and believed to be greatly in excess of that amount.

## JURISDICTION AND VENUE

9.   Jurisdiction and venue in this court are proper pursuant to 28 U.S.C. § 1346 (b)(1) since this a tort action brought by the Plaintiff against the United States of America, the United State Government and the United States Marshals Service, an agency of the United States of America and the United States Government for injuries sustained by the Plaintiff as a result of negligent acts by the Defendants and their employees and since the alleged negligence and injuries to the Plaintiff occurred in Denver, Colorado.

10.      This claim and complaint is timely and properly filed with this Court . Plaintiff has complied with all notice statutes to the Defendants including 28 U.S.C. § 2401. The Defendants received on or about November 15, 2005 notice of Plaintiff's administrative tort claim. Thereafter, the Defendants did not forward any written notification of whether or not the Plaintiff's claim had been denied or granted within six months. Plaintiff is filing this claim within six months of the time within which Defendants were to either grant or deny the Plaintiff's claim.

## BACKGROUND FACTS

11.      On or about May 23, 2005, Jessie Cluff was housed in a Colorado State Correctional Facility.

4

12.    On May 23, 2005, Defendant United States Marshals Service was charged with the responsibility of transporting the Plaintiff to the Federal District Court in Denver Colorado for the purposes of the Plaintiff testifying on behalf of the United States government against criminal defendants. On that date, Defendant United States Marshall Service was to provide for the security, health and safety of the Plaintiff as a government witnesses.

13.    On May 23, 2005, the Defendants removed the Plaintiff from a vehicle and placed him in a holding cell inside the Federal District Court in Denver Colorado. On May 23, 2005, the Defendants negligently placed the Plaintiff in the same holding cell as persons testifying for the criminal defendants against whom the Plaintiff was to testify on behalf of the United States of America and the United States Government.

14.    On May 23, 2005 once the friends of the criminal defendants realized that they had been placed in the holding cell with the Plaintiff, those persons proceeded to attack the Plaintiff resulting in serious bodily injury to the Plaintiff.

15.    During the course of the attacks by those persons, the Plaintiff attempted on more than one occasion to wave his arms in front of the video camera that was in place and was for the protection and safety of the prisoners being held in the holding cells.

16.    It was the Defendants' obligation to monitor those video cameras and video monitors showing the pictures being captured by the video cameras to insure that the prisoners were safe in the holding cells.

17.    The Defendants instructed the Plaintiff and other prisoners by verbal communication and posted signage that if a prisoner were in danger or needed assistance that the prisoner should stand in front of the camera and wave his arms over his head.

18.    Although the Plaintiff attempted to notify and signal to the Defendants that he was in distress and was injured, the Defendants failed to properly monitor the holding cells and failed to properly and timely respond and as a result the Plaintiff sustained serious injuries and medical care and assistance was not timely provided to him.

## FIRST CLAIM FOR RELIEF
(Negligence Against Defendants)

19.    The Plaintiff incorporates herein by reference paragraphs 1 through 18, inclusive of this Complaint.

20.    On May 23, 2005, the Plaintiff was under the care custody and control of the Defendants.

21.    On May 23, 2005, Defendants United States of America and the United States Government and their agency Defendant United States Marshals Service had the obligation and duty and responsibility of transporting Plaintiff as a prisoners so that he could testify behalf of the United States of America; had the obligation and duty and responsibility of providing for the security, health and safety of the Plaintiff as a government witness; and had the obligation and duty and responsibility of providing security within United States federal district courts to protect the Plaintiff as a government witness.

6

22.     On May 23, 2005, the Defendants specifically had the obligation and duty and responsibility of transporting the Plaintiff as a prisoners; had the obligation and duty and responsibility to provide for the security, health and safety of the Plaintiff as a government witnesses; and had the obligation and duty and responsibility providing security within United States federal district courthouse in Denver Colorado and to protect the Plaintiff as a government witness including the holding cell area within the courthouse where the Plaintiff was being held prior to testifying for the United States government against certain criminal defendants.

23.     The Defendants owed the Plaintiff, a duty to use reasonable care to transport, protect and guard him a government witness in fulfilling their duties and responsibilities to transport, protect and guard government witnesses including but not limited to negligently placing the Plaintiff in the same cell with friends and witnesses testifying on behalf of the persons against whom the Plaintiff was testifying. The Defendants knew or should have known that these persons were present in the holding cell and constituted a danger to the Plaintiff because those persons knew who the Plaintiff was and why he was in the holding cell, and because those persons were known to be violent persons and had a history of violent behavior against other persons not associated with those persons and their association of persons.

24.     The Defendants further owed the Plaintiff a duty to used reasonable care to transport, protect and guard him a government witness in fulfilling their duties and responsibilities to transport protect and guard government witnesses including but not limited to monitoring and observing the Plaintiff in the holding cell by physically observing

7

and protecting him and by monitoring the Plaintiff on a the video monitoring system designed to protect and provide security and care for prisoners who might be injured. The Defendants breached this duty by failing to observe and monitor the Plaintiff so that when the Plaintiff was injured and when he tried to signal to the video camera that he was in distress and was injured, no one timely responded to his distress and no one timely provided medical care and assistance.

25.    The Defendants owed the Plaintiff, a duty to maintain a safe premises at the federal courthouse, to employ, train, and supervise persons to provide safe and adequate security on the premises, and to be trained and supervised so as to protect the Plaintiff as a government witness. The Defendants breached this duty by failing to adequately select, employ, train and supervise its employees which resulted in the Plaintiff being severely and permanently injured.

26.    The Defendants and each of them breached their duties that they owed to Plaintiff, including but not limited to, negligently maintaining the premises so as to create a dangerous and unsafe condition to the Plaintiff as a prisoner testifying on behalf of the government; failing to remedy the dangerous condition in a prompt manner; failing to warn the Plaintiff concerning the unsafe and dangerous condition; failing to adequately train its employees in how to safely maintain the federal district court premises in a safe manner so that the Plaintiff could safely testify on behalf of the government; failing to provide security to the patrons on the premises; and failing to properly supervise its employees to insure that those employees maintained the courthouse including the holding cell for the Plaintiff as a government witness in a safe condition.

27.     The negligence of the Defendants and their employees was the actual and proximate cause of the Plaintiff's injuries.

28.     As a proximate cause of the Defendants' negligent conduct, the Plaintiff suffered physical injuries which have required medical treatment in the past, continue to require medical treatment, and will continue to require medical treatment into the future.

29.     As a further proximate result of the Defendants' negligence, the Plaintiff has incurred medical bills in the past, is continuing to incur medical bills, and will continue to incur medical bills into the future in an amount to be established at trial.

30.     As a further proximate result of the Defendants' negligence, the Plaintiff has endured pain and suffering in both body and mind in amount to be established at trial.

31.     As a further proximate result of the Defendants' negligence, the Plaintiff has been unable to go about his business as he could prior to the accident, and he has sustained economic loss in the past, is sustaining economic loss in the present, and will sustain economic loss into the future.

32.     As a further proximate result of Defendants' negligence, the Plaintiff has sustained a permanent impairment of bodily function which may result in a permanent impairment of earning capacity.

33.     As a further proximate result of Defendants' negligence, the Plaintiff has suffered a loss of enjoyment of life.

34.     As a further proximate result of Defendants' negligence, each and all of these damages will continue into the future.

9

## SECOND CLAIM FOR RELIEF

(Negligence *Res Ipsa Loquitur* Against All Defendants)

35.      The Plaintiff incorporates herein by reference paragraphs 1 through 34, inclusive of this Complaint.

36.      On or about   May 23, 2005 , the instrumentality, place and location, that is the holding cell, the security system and protocol for the holding cell area of the United States District Court in Denver Colorado was under the exclusive management and control of the Defendants.

37.      On or about   May 23, 2005 , the Defendants negligently did not provide for the safety of the Plaintiff.

38.      On or about May 23, 2005 , the Defendants placed friends and associates  called to testify on behalf of criminal defendants and friends of those criminal defendants against whom the Plaintiff would be testifying into the same holding cell as the Plaintiff and then failed to adequately monitor the video security and monitoring system to insure that the Plaintiff would be safe the holding cell.

39.      The accident which occurred and the injuries which the Plaintiff  sustained were of a kind that ordinarily would not have occurred in the absence of the negligence on the part of the Defendants, that is, had the Defendants not placed friends of the criminal defendants against whom the Plaintiff was testifying into the holding cell with the Plaintiff

and had the Defendants not failed to monitor the surveillance cameras in the holding cell area  the injuries sustained by Plaintiff would not have occurred.

40.    There is no apparent responsible cause of the aforesaid accident other than the negligence of the Defendants as described herein.

41.    Under the doctrine of *res ipsa loquitur*, the actions and the negligence of the Defendants speaks for itself as an act of negligence for which the Defendants are liable as a matter of law.

42.    Plaintiff was not negligent in any way and  he was unable to avoid the incident. The Plaintiff did everything to avoid  being detected by the friends of the criminal defendants against whom he was testifying and following the instructions printed on posted sign in the holding cell which instructed prisoners on hold to signal with their arms and hands to the video surveillance camera to summon held if they were in danger or injured.

43.    The negligence of the Defendants and each of them and their agents and employees as described herein was the actual and proximate cause of this accident and the Plaintiff's injuries.

44.    As a proximate cause of the Defendants' negligent conduct, Plaintiff  suffered permanent physical injuries which have required medical treatment in the past, continue to require medical treatment, and will continue to require medical treatment into the future.

45.    As a further proximate result of Defendants' negligence, Plaintiffs incurred medical bills in the past, are continuing to incur medical bills, and will continue to incur medical bills into the future in an amount to be established at trial.

46.    As a further proximate result of Defendants' negligence, Plaintiff has endured and will continue to endure pain and suffering in both body and mind in amount to be established at trial.

47.    As a further proximate result of Defendants' negligence, Plaintiff has been unable to go about his business as he could prior to the accident, and he has sustained economic loss in the past, is sustaining economic loss in the present, and will sustain economic loss into the future as a result of his diminished earning capacity.

48.    As a further proximate result of Defendants' negligence, Plaintiff has sustained a permanent impairment of bodily function including but not limited to permanent injuries which will result in a permanent impairment of earning capacity.

49.    As a further proximate result of Defendants' negligence, Plaintiff has suffered and will continue to suffer for the rest of his life general damages for pain and suffering including but not limited a loss of enjoyment of life.

50.    As a further proximate result of Defendants' negligence, each and all of these damages will continue into the future.

12

WHEREFORE, the Plaintiff prays for Judgment as follows:

1.   On their First Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000 exclusive of interest and costs.

2.   On their Second Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000, exclusive of interest and costs.

3.   On all Claims for Relief, for costs, pre- and post-judgment interest and attorney fees to the extent allowed by law;

4.   On all Claims for Relief, for all costs expended in bringing and prosecuting this action.

5.   On all Claims for Relief, for prejudgment interest on special damages to the extent allowed by law;

6.   For such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any issue triable of right by jury pursuant to Rule 38, Federal Rules of Civil Procedure.


Dated: September 19, 2006.

_____
Charles A. Gruber
Attorney for Plaintiff


Plaintiff's Address
Jessie Cluff (#64915)
6900 W. Millen Drive
Hobbs NM 88244

14